# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-EC-02347-SCT

*FORSTER RUHL*

*v.*

*JOHN WALTON*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/04/2006 |
| TRIAL JUDGE: | HON. SHARION R. AYCOCK |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RICHARD D. BOWEN |
| ATTORNEY FOR APPELLEE: | ELLIS TURNAGE |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | REVERSED AND REMANDED - 03/22/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., CARLSON AND RANDOLPH, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     The Town of Como Board of Election Commissioners determined that in the June 7, 2005, general election for the office of alderman-at-large of the Town of Como, John Walton, the incumbent and Democratic nominee, received 253 votes, and independent candidate Forster Ruhl received 244 votes.  Ruhl filed an election contest petition.  The special judge[1] voided thirty-eight illegal mail-in absentee ballots for failure to comply with the requirements of Miss. Code Ann. Section 23-15-635(1) (Rev. 2001).  The court found at least thirty-three

---

[1]Circuit Judge Sharion R. Aycock was appointed by this Court as the special judge "to preside and conduct proceedings . . . pursuant to and by authority of Miss. Code Ann. Section 23-15-951 [(Rev. 2001)] and Section 9-1-105 [(Rev. 2001)]."

of those thirty-eight mail-in absentee votes were for Walton and, therefore, determined that the legal vote count favored Ruhl, 239–220. The judge granted Ruhl's motion for a directed verdict after Walton rested without presenting evidence, testimonial or otherwise. Rather than certifying Ruhl as the duly elected alderman, the court ordered the office vacated and called for a special election to be held in accordance with the provisions of Miss. Code Ann. Section 23-15-857 (Rev. 2001). Complying with the court order, the board of aldermen ordered a special election to be held.

**FACTS**

¶2. In Como, one alderman is elected from each of the town's four wards, and an additional alderman is elected at-large. On June 7, 2005, a general election was held for the at-large office. The only candidates for the at-large position in the general election were Forster Ruhl, an independent candidate, and John Walton, the incumbent and Democratic nominee. The Board of Election Commissioners certified the results of the general election as follows: Walton – 253; Ruhl – 244.[2]

¶3. On June 27, 2005, Ruhl filed an election contest petition averring that fifty-three absentee ballots[3] from the general election:

> were accepted and counted in the vote totals contrary to and in violation of the law [and] procedures prescribed for the allowing, casting and counting of absentee votes. These procedural violations were so substantial as to invite

---

[2]Stated otherwise, Walton received 50.9% and Ruhl received 49.1% of all votes, which included the illegal votes.

[3]According to Nedra Dandridge, clerk and registrar for Como, absentee ballots may be voted by mail or in the registrar's office. *See* Miss. Code Ann. Section 23-15-715 (Rev. 2001). Of the fifty-three absentee ballots, fifteen were voted in the registrar's office and thirty-eight were voted by mail.

2

and cause accident, mistake, fraud and wrongdoing, and to make it impossible to determine the will of the legal and valid absentee voters.

Forty-eight of the fifty-three absentee ballot votes were cast for Walton.[4] Of particular significance, Ruhl pled that:

> [t]he registrar failed to provide the form of a certificate for a person providing voter assistance on the back of the envelope used by absentee voters who do not use the registrar as an attesting witness, as required by Mississippi Code Annotated Section 23-15-635 . . . .
>
> The integrity and validity of the absentee ballots were thereby destroyed, and the absentee ballots should therefore have been illegal and void and not counted in the determination of the election results.

On July 29, 2005, Walton filed his answer and affirmative defenses.

¶4.     A jury trial commenced on October 26, 2005. Dandridge testified that the absentee ballots lacked "any language which allows a person who provided voter assistance to the absentee voter to sign a certificate to that effect." Theresa Wallace, one of three election commissioners for Como, stated that no attestation certificate was provided on the mail-in absentee ballots. Walton conceded the mail-in absentee ballots lacked a voter's assistance certificate.

¶5.     At the close of Ruhl's case-in-chief, Walton moved for a directed verdict, which was denied. When Walton rested without offering any proof, Ruhl moved for a directed verdict. Ruhl argued that the defect in the mail-in ballots rendered them void. Since no more than five of those thirty-eight votes could have been for Ruhl, he argued that "33 of the absentee

---

[4]Stated otherwise, Walton received 90.6% of the absentee ballot votes and Ruhl received 9.4%, including the illegal votes. When considering only legal votes, Ruhl received 53.8% of the general vote.

3

votes should be taken from Mr. Walton's totals and it makes Dr. Ruhl the clear winner." Ruhl further asserted that a special election was unnecessary "because the number of votes that are illegal are so small . . . and . . . this case has not been attended by any intentional fraud, any fraud, or any wrongdoing."

¶6. On November 18, 2005, final judgment was granted on Ruhl's motion for a directed verdict. It stated:

> the absence of a form for a certificate of person providing voter assistance to an absentee voter was omitted from the ballot envelopes used by absentee voters who did not mark and cast their ballot in the registrar's office. The Court further found and adjudicated that such omission was a violation of mandatory statutes and resulted in the disqualification of the 38 mail-in absentee ballots cast in this election. . . . [T]he Court finds that the total number of legal votes cast was 239 votes for [Ruhl] and 220 votes for [Walton].

Rather than declaring Ruhl the winner of the general election, the court ordered a special election. Specifically, "[t]he Court declines to certify [Ruhl] as duly elected, but rather . . . orders that the office of Alderman at Large for the Town of Como be *vacated* and that a special election be held to fill that office pursuant to the provisions of *Mississippi Code Annotated Section 23-15-857*." (Emphasis added). On November 22, 2005, the board of aldermen voted to hold the special election on January 3, 2006. On December 16, 2005, Ruhl filed a notice of appeal from the November 18, 2005, final judgment.

¶7. On December 19, 2005, Walton filed an emergency motion to amend, to clarify and/or for declaratory relief blaming the court for his failure to "file a new qualifying petition for the January 3, 2006 special election, because the November 16, 2005 court [order] did not

4

direct the parties to the election contest to re-qualify." The special judge granted Walton's motion.[5]

## ISSUES

¶8.　As it is case-dispositive, this Court will consider only:

(1) Whether the trial court erred by ordering a special election rather than certifying Ruhl the winner of the June 7, 2005, general election for the office of alderman for Como after it determined that Ruhl received the greatest number of legal votes cast.

## STANDARD OF REVIEW

¶9.　This issue involves reviewing the trial court's decision to grant Ruhl's motion for directed verdict. "[T]his Court conducts a *de novo* review of motions for directed verdict. . . . If the Court finds that the evidence favorable to the non-moving party and the reasonable inferences drawn therefrom present a question for the jury, the motion should not be granted." ***Entergy Miss., Inc. v. Bolden***, 854 So. 2d 1051, 1055 (Miss. 2003) (internal citations omitted) (emphasis added). "Additionally, this Court has held that 'a trial court should submit an issue to the jury only if the evidence creates a question of fact concerning which reasonable jurors could disagree.'" *Id*. (quoting ***Vu v. Clayton***, 765 So. 2d 1253, 1254 (Miss. 2000)).

---

[5]After the special election was erroneously granted, Walton then failed to qualify as mandated by Miss. Code Ann. Section 23-15-857. On motion, the special judge impermissibly amended the final judgment to relieve Walton of the legislatively-required necessity of qualifying for a special election, in which Walton prevailed. While the failure-to-qualify issue was raised on appeal, this Court finds one other issue case-dispositive and notes failure to qualify only for the purpose of vacating the office occupied by Walton, consistent with Miss. Code Ann. Section 23-15-951 (Rev. 2001).

**ANALYSIS**

¶10.    Miss. Code Ann. Section 23-15-635(1) provides:

> (1) The form of the elector's certificate, attesting witness certification and certificate of person providing voter assistance on the back of the envelope used by voters who *do not* use the registrar of their county of residence as an attesting witness *shall* be as follows:
>
> ELECTOR'S CERTIFICATE . . .
>
> CERTIFICATE OF ATTESTING WITNESS . . .
>
> CERTIFICATE OF PERSON PROVIDING VOTER ASSISTANCE . . . .

Miss. Code Ann. Section 23-15-635(1) (Rev. 2001) (emphasis added).  "We have long held that where a statute is plain and unambiguous there is no room for construction."  ***Callahan v. Leake County Democratic Executive Comm.***, 773 So. 2d 938, 940 (Miss. 2000).  Miss. Code Ann. Section 23-15-635(1) plainly and unambiguously requires a elector's certificate, certificate of attesting witness, and voter assistance certificate on all mail-in absentee ballots. Furthermore, this Court requires *strict compliance* with statutes concerning absentee ballots. *See* ***Lewis v. Griffith***, 664 So. 2d 177, 185 (Miss. 1995); ***Rogers v. Holder***, 636 So. 2d 645, 647 (Miss. 1994); ***Stringer v. Lucas***, 608 So. 2d 1351, 1361 (Miss. 1992).  The effect of strict compliance, however, is mitigated by this Court's distinction between directory and mandatory statutes.  Stated succinctly:

> [i]f the violated statute is *directory* rather than *mandatory* and there is no allegation or proof of fraud, the non-complying ballots are valid and properly counted.  ***Riley*** [***v. Clayton***], 441 So. 2d [1322,] 1328 [(Miss. 1983)].  Votes *not* in compliance with *mandatory* provisions of election statutes are *illegal*. Votes illegally cast are improperly counted.  ***Hatcher v. Fleeman***, 617 So. 2d 634, 640-41 (Miss. 1993).

***Rogers***, 636 So. 2d at 648 (emphasis added).

¶11. Miss. Code Ann. Section 23-15-635 has been deemed *mandatory* because "[a]bsentee paper ballots . . . are particularly amenable to fraud; the detailed procedures outlined . . . are designed to protect against fraudulent votes and ensure that absentee ballots actually reflect the will of the voters who cast them." *Id*. at 649. In short, Miss. Code Ann. Section 23-15-635 is mandatory because the potential for illicit voting activity exponentially increases when the light of truth does not illuminate the voting booth. Therefore, all mail-in absentee ballots cast in violation of Miss. Code Ann. Section 23-15-635 were *illegal* and properly rejected by the court.[6]

¶12. This determination leads us to address the remedy in that event, i.e., whether the judge should have certified Ruhl the winner of the alderman-at-large post, instead of vacating the office and ordering a special election.

¶13. Miss. Code Ann. Section 23-15-951 addresses general election contests stating, in part:

> [e]xcept as otherwise provided by Section 23-15-955 or 23-15-961, a person desiring to contest the election of another person returned as elected to any office within any county, may, within twenty (20) days after the election, file a petition in the office of the clerk of the circuit court of the county, setting forth the grounds upon which the election is contested; and the clerk shall thereupon issue a summons to the party whose election is contested, returnable to the next term of the court, which summons shall be served as in other cases; and the court shall, at the first term, cause an issue to be made up and tried by a jury, and *the verdict of the jury shall find the person having the greatest number of legal votes at the election*. *If* the jury shall find *against* the person returned elected, the clerk shall issue a certificate thereof; and the person in whose favor the jury shall find *shall be commissioned by the Governor*, *and shall qualify and enter upon the duties of his office*.

---

[6]Walton effectively concedes this issue, arguing simply that a special election was proper.

7

Miss. Code Ann. Section 23-15-951 (Rev. 2001) (emphasis added). The Legislature has determined that general election contests shall be tried in a court of law, before a jury. In the case sub judice, the mail-in absentee ballots violated Miss. Code Ann. Section 23-15-635 and thus were illegal, which was not contested by Walton. The mandatory statute was clearly violated. Since individual voter intent was not the issue, the illegality of the mail-in absentee ballots dictated only one possible outcome. The tabulation of legal votes favored Ruhl, 239-220. Therefore, the special judge appropriately granted Ruhl's motion for directed verdict, but then erred in ordering a special election. Ruhl received "the greatest number of legal votes at the election." Miss. Code Ann. Section 23-15-951 (Rev. 2001). Thus, an order should have been entered vacating the office, instructing the circuit court clerk to issue a certificate thereof, and subsequently Ruhl should have been "commissioned by the Governor, . . . qualif[ied,] and . . . enter[ed] upon the duties of his office." Miss. Code Ann. Section 23-15-951 (Rev. 2001). The failure of the special judge to order such action is error requiring reversal and a remand to the circuit court for entry of an appropriate judgment consistent with this opinion and Miss. Code Ann. Section 23-15-951 (Rev. 2001).

**CONCLUSION**

¶14.    Based upon the aforementioned analysis, this Court finds that as a candidate, Walton bore the burden of ensuring that the mail-in absentee ballots complied with the mandatory requirements of Miss. Code Ann. Section 23-15-635 (Rev. 2001). Therefore, the special judge erred in ordering a special election rather than declaring Ruhl the candidate "having the greatest number of legal votes at the" June 7, 2005, general election pursuant to Miss.

Code Ann. Section 23-15-951 (Rev. 2001). Accordingly, the circuit court's judgment is reversed, and this case is remanded with directions that the circuit court enter judgment that once again the office of alderman-at-large of the Town of Como is vacated, instructing the clerk to issue a certificate thereof, and Ruhl shall be commissioned by the Governor, and shall qualify and enter upon the duties of his office, in compliance with Miss. Code Ann. Section 23-15-951 (Rev. 2001).

¶15. **REVERSED AND REMANDED**.

**SMITH, C.J., WALLER, P.J., EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. DIAZ AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. COBB, P.J., NOT PARTICIPATING.**